O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-3747 AHM (FMOx) | Date | June 10, 2010 |
|---|---|---|---|
| Title | STEVE KLEIN, *et al.* v. CITY OF SAN CLEMENTE | | |

| Present: The Honorable | A. HOWARD MATZ, U.S. DISTRICT JUDGE | |
|---|---|---|
| Stephen Montes | Not Reported | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys **NOT** Present for Plaintiffs: | Attorneys **NOT** Present for Defendants: | |

**Proceedings:** IN CHAMBERS (No Proceedings Held)

This matter is before the Court on Plaintiffs' Motion for Summary Judgment and Defendant City of San Clemente's ("the City") Motion for Partial Summary Judgment on Plaintiffs' claim under the Bane Act. The Court GRANTS in Part and DENIES in part Plaintiffs' motion for summary judgment.[1] Specifically, the Court finds that Plaintiffs are entitled to summary judgment in their favor on all claims except the Bane Act claim. Because the uncontroverted facts show that there is no basis for holding the City liable under the Bane Act, the Court GRANTS Defendant's motion[2] on that claim.

## I.    FACTS

In their Complaint, filed June 11, 2007, Plaintiffs allege that San Clemente Municipal Code Section 8.40.130 ("the Ordinance"), prohibiting the leafletting of parked vehicles, is, on its face and as applied, an unconstitutional violation of the First Amendment of the federal Constitution and the Liberty of Speech Clause of the California Constitution. According to the Complaint, on June 2, 2007, Plaintiffs were placing leaflets on car windshields, when they were stopped by officers from the Orange County Sheriff's Department (which is under contract with the City of San Clemente to provide law enforcement services to the City, *see* Compl. ¶ 13). The officers informed Plaintiffs that their leafletting violated the Ordinance, and asserted that they would cite

---

[1] Docket No. 86.

[2] Docket No. 87.

O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-3747 AHM (FMOx) | Date | June 10, 2010 |
|---|---|---|---|
| Title | STEVE KLEIN, *et al.* v. CITY OF SAN CLEMENTE | | |

Plaintiffs for violating the law if they continued. Plaintiffs subsequently ceased their leafletting activities. (Compl. ¶¶ 10-20.)

The Ordinance states, in relevant part:

No person shall throw or deposit any commercial or noncommercial advertisement in or upon any vehicle. Provided, however, that it shall not be unlawful in any public place for a person to hand out or distribute, without charge to the receiver thereof, a noncommercial advertisement to any occupant of a vehicle who is willing to accept it.

San Clemente Municipal Code §8.40.130.

On October 1, 2007, Plaintiffs moved for a preliminary injunction, seeking to enjoin the City from enforcing the Ordinance. On November 27, 2007, this Court denied the injunction. That denial was reversed by the Ninth Circuit. *Klein v. City of San Clemente*, 584 F.3d 1196 (9th Cir. 2009). The Ninth Circuit found that the City had not shown that the Ordinance was narrowly tailored to advance either its asserted interests in litter prevention or the protection of private property. Therefore, the court held, Plaintiffs were likely to prevail on the merits of their claim. *Id*. at 1207. Additionally, the court found that the other requirements for a preliminary injunction were met, and thus reversed this Court's denial of the preliminary injunction and remanded the case for further proceedings, including the issuance of an injunction. *Id*. at 1207-08.

Following remand, the parties stipulated to entry of a preliminary injunction, which the Court approved on November 20, 2009. (Dkt. No. 77.)

On April 5, 2010, Plaintiffs filed a motion for summary judgment on all their claims. The same day, the City moved for partial summary judgment on Plaintiffs' claim under California Civil Code Section 52.1 (the "Bane Act"). This order addresses both of those motions.

## II. LEGAL STANDARD ON A MOTION FOR SUMMARY JUDGMENT

Federal Rule of Civil Procedure 56(c) provides for summary judgment when "the

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-3747 AHM (FMOx) | Date | June 10, 2010 |
|---|---|---|---|
| Title | STEVE KLEIN, *et al.* v. CITY OF SAN CLEMENTE | | |

pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." The moving party bears the initial burden of demonstrating the absence of a "genuine issue of material fact for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986). A fact is material if it could affect the outcome of the suit under the governing substantive law. *Id.* at 248. The burden then shifts to the nonmoving party to establish, beyond the pleadings, that there is a genuine issue for trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986).

"When the party moving for summary judgment would bear the burden of proof at trial, it must come forward with evidence which would entitle it to a directed verdict if the evidence went uncontroverted at trial. In such a case, the moving party has the initial burden of establishing the absence of a genuine issue of fact on each issue material to its case." *C.A.R. Transp. Brokerage Co., Inc. v. Darden Rests., Inc.*, 213 F.3d 474, 480 (9th Cir. 2000) (citations omitted). In contrast, when the non-moving party bears the burden of proving the claim or defense, the moving party can meet its burden by pointing out the absence of evidence from the non-moving party. The moving party need not disprove the other party's case. *See Celotex*, 477 U.S. at 325. Thus, "[s]ummary judgment for a defendant is appropriate when the plaintiff 'fails to make a showing sufficient to establish the existence of an element essential to [his] case, and on which [he] will bear the burden of proof at trial.'" *Cleveland v. Policy Mgmt. Sys. Corp.*, 526 U.S. 795, 805-06 (1999) (citing *Celotex*, 477 U.S. at 322).

When the moving party meets its burden, the "adverse party may not rest upon the mere allegations or denials of the adverse party's pleadings, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e). Summary judgment will be entered against the non-moving party if that party does not present such specific facts. *Id*. Only admissible evidence may be considered in deciding a motion for summary judgment. *Id.*; *see also Beyene v. Coleman Sec. Serv., Inc.*, 854 F.2d 1179, 1181 (9th Cir. 1988).

"[I]n ruling on a motion for summary judgment, the nonmoving party's evidence 'is to be believed, and all justifiable inferences are to be drawn in [that party's] favor.'" *Hunt v. Cromartie*, 526 U.S. 541, 552 (1999) (quoting *Anderson*, 477 U.S. at 255). But

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-3747 AHM (FMOx) | Date | June 10, 2010 |
|---|---|---|---|
| Title | STEVE KLEIN, *et al.* v. CITY OF SAN CLEMENTE | | |

the non-moving party must come forward with more than "the mere existence of a scintilla of evidence." *Anderson*, 477 U.S. at 252. Thus, "[w]here the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (citation omitted).

Simply because the facts are undisputed does not make summary judgment appropriate. Instead, where divergent ultimate inferences may reasonably be drawn from the undisputed facts, summary judgment is improper. *Braxton-Secret v. A.H. Robins Co.*, 769 F.2d 528, 531 (9th Cir. 1985).

## III. DISCUSSION

### A. The Ordinance Violates the First Amendment of the Federal Constitution Because the City Has Not Shown that the Ordinance is Narrowly Tailored to Further Any "Significant Interest."

In analyzing the Ordinance, the Ninth Circuit noted that the Ordinance is content-neutral and applied the traditional "time, place, and manner" inquiry. The parties do not dispute that it is this test which this Court must apply. "Thus, to justify restricting Klein's constitutionally-protected speech, the City must demonstrate that the restrictions imposed by its anti-litter ordinance are 'narrowly tailored to serve a significant government interest, and that they leave open ample alternative avenues for communication of the information.'" *Klein*, 584 F.3d at 1201 (citing *Ward v. Rock Against Racism*, 491 U.S. 781, 791, 109 S.Ct. 2746, 105 L. Ed. 2d 661 (1989) (citations omitted)).

The Ninth Circuit in *Klein* found that the City had not shown that either litter prevention or the protection of private property justified the Ordinance's restriction on speech. In opposing Plaintiffs' motion that is now before this Court, the City asserts only an interest in litter prevention.[3] Accordingly, the Court will analyze only whether

---

[3] Presumably, the City does not now assert an interest in protecting an "individual's right to decide how and when their private property will be used," because the Ninth Circuit held that this interest "cannot suffice to justify an across-the-board ban on placing

O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-3747 AHM (FMOx) | Date | June 10, 2010 |
|---|---|---|---|
| Title | STEVE KLEIN, *et al.* v. CITY OF SAN CLEMENTE | | |

the Ordinance is narrowly tailored to serve a significant interest in litter prevention.

The Ninth Circuit observed that "before we could find that the City's asserted interest in preventing littering on the street justifies a prohibition on placing leaflets on windshields," the City "would have to show some nexus between leaflets placed on vehicles and a resulting substantial increase in litter on the streets." *Id*. at 1202. "Applying this evidentiary requirement and assuming that litter prevention can constitute a sufficiently significant government interest to justify an interference with free speech," the Ninth Circuit concluded that "the record in this case is plainly inadequate to support the government's asserted interest in restricting Klein's speech." *Id*. at 1202-03. The Ninth Circuit's reasoning was as follows:

> We note that preventing a marginal quantity of litter is not a sufficiently significant interest to restrict leafletting. Discarded paper, coffee cups and food wrappers can also add to litter, but we remain free to carry beverages and candy bars on public streets, indicating that municipalities do not usually endeavor to eliminate all possibilities of litter. So the City must show not only that vehicle leafletting can create litter, but that it creates an abundance of litter significantly beyond the amount the City already manages to clean up.

\*\*\*

> Aside from the ordinance's title, all the City offers concerning its interest in limiting litter on the streets by forbidding affixing leaflets on car windshields is the equivocal promise that, "[s]hould this case go forward, ... discovery and witnesses ... would likely support the City's assertions." That may be, and the City will have a chance later to conduct discovery and put on witnesses. But the preliminary injunction record as it now stands contains nothing whatever to support the assertion that placing leaflets on car windshields results in a significant increase in the amount of litter on the streets.

\*\*\*

---

leaflets on the windshields of empty vehicles parked on public streets." *Klein*, 584 F.3d at 1205.

O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-3747 AHM (FMOx) | Date | June 10, 2010 |
|---|---|---|---|
| Title | STEVE KLEIN, *et al.* v. CITY OF SAN CLEMENTE | | |

> In sum, the City has not provided any evidence that placing leaflets on parked cars results in any litter, much less a more-than-minimal amount of additional litter. . . .

*Id.* at 1203-04.

Now, in opposing Plaintiffs' motion for summary judgment, despite having been given the opportunity to adduce such evidence, the City still provides no evidence of a "nexus between leaflets placed on vehicles and a resulting substantial increase in litter on the streets." *Id.* at 1202. The City argues that "it cannot be disputed that litter is a serious concern of all metropolitan areas within the County." (Opp'n at 2.) In support of this contention, the City does allude to an "Urban Runoff Management Plan" ("URMP") that the City commissioned in 2001, supposedly in response to "grave concern[s]" about the "devastating effects of litter and other potential pollutants."[4] (*Id.*) Not only does the City fail to explain the significance of the URMP, but it does not appear to provide support for the City's position. The URMP addresses stormwater pollution within the City of San Clemente. While the document does list "windblown trash" as one of many "potential pollutants" at one landfill (where the headwaters of one of the City's main watersheds originates), it does not indicate that "windblown trash" is a significant pollutant. In fact, the URMP appears to be concerned primarily with runoff caused by pollutants such as oil, automotive fluids, nitrogen, organic carbon, etc. (*See* Bonigut Decl., Exh. A at 8.) More significantly, there is no evidence that flyers left on cars on the City's streets contributes to the "windblown trash" found in the landfill. The URMP thus does not provide evidence that placing leaflets on parked cars causes an "abundance in litter." *Klein*, *supra*, 584 F.3d at 1203.

Aside from the URMP, the only "evidence" that the City offers as support for its interest in curbing litter is the "explicit title" of the Ordinance. As the Ninth Circuit noted, this is not sufficient to establish that litter reduction is a "significant interest." *Klein* 584 F.3d at 1204 ("The title of an ordinance is not evidence of an actual problem.").

---

[4] The City, in its brief, does not provide any citation to where the URMP can be found in the record. "Selected portions" of the URMP are attached as Exhibit A to the Declaration of Tom Bonigut.

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-3747 AHM (FMOx) | Date | June 10, 2010 |
|---|---|---|---|
| Title | STEVE KLEIN, *et al.* v. CITY OF SAN CLEMENTE | | |

In sum, the City has "not provided any evidence that placing leaflets on parked cars results in . . . a more-than-minimal amount of additional litter." *Id*. at 1204. Its bare assertions that litter is a significant problem in the City are insufficient. Additionally, the City's attack on Klein's evidence regarding the absence of litter caused by leaflets is irrelevant. It is the City that has the burden to show that litter prevention is a significant government interest, and that the Ordinance is narrowly tailored to serve that interest. Accordingly, the Court finds that the Ordinance is not narrowly tailored to advance the City's significant interest in preventing litter.[5]

Having found that the Ordinance violates the First Amendment, it follows that the City's enforcement of it violated Plaintiffs' First Amendment rights, which subjects the City to liability under 42 U.S.C. § 1983. *See Monell v. Dep't of Social Services of City of New York*, 436 U.S. 658, 690 (1978) ("Local governing bodies . . . can be sued directly under § 1983 for monetary, declaratory, or injunctive relief where . . . the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers."). Apart from declaiming (without support) that there is no First Amendment violation, Defendant does not assert any argument with respect to Plaintiffs' motion for summary judgment on the § 1983 claim.

### B. The Ordinance Violates the Free Speech Clause of the California Constitution.

The free speech clause of the California Constitution provides: "Every person may freely speak, write and publish his or her sentiments on all subjects, being responsible for the abuse of this right. A law may not restrain or abridge liberty of speech or press." Cal. Const. art. 1, § 2(a).

The Ninth Circuit *Klein* opinion noted that "the relevant standards [for analyzing the constitutionality of the Ordinance] under the federal and state constitutions are the

---

[5] Nothing in *Comite de Jornaleros de Redondo Beach v. City Of Redondo Beach*, --- F.3d ----, 2010 WL 2293200 (9th Cir. June 9, 2010) changes this conclusion. Because the Court finds that the Ordinance does not advance a significant interest, it does not address whether the Ordinance leaves open alternative channels of communication.

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-3747 AHM (FMOx) | Date | June 10, 2010 |
|---|---|---|---|
| Title | STEVE KLEIN, *et al.* v. CITY OF SAN CLEMENTE | | |

same." *Klein*, 584 F.3d at 1200. "California's 'formulation of the time, place, and manner test was fashioned from a long line of United States Supreme Court cases, and . . . analysis of speech regulation under [the California Liberty of Speech Clause] employs time, place and manner restrictions measured by federal constitutional standards.'" *Id.* (quoting *Kuba v. 1-A Agric. Ass'n*, 387 F.3d 850, 856 n. 7 (9th Cir.2004).)

The Ninth Circuit held that the "anti-litter ordinance violates [Klein's] right to free speech under the California Constitution, as the City has not shown that the ordinance is narrowly tailored to advance either of its asserted interests."[6] *Klein*, 584 F.3d at 1207. Given that the City has not shown that the Ordinance is narrowly tailored to advance the City's significant interest in preventing litter, Plaintiffs are entitled to summary judgment on their claim that the Ordinance violates the California Constitution.

### C. The City is Entitled to Summary Judgment on the Bane Act Claim.

The Tom Bane Civil Rights Act (the "Bane Act"), codified at Cal. Civ. Code § 52.1, prohibits interference or attempted interference with an individual's rights under federal or California law by "threats, intimidation, or coercion." It provides, in relevant part,

> Any individual whose exercise or enjoyment of rights secured by the Constitution or laws of the United States, or of rights secured by the Constitution or laws of this state, has been interfered or attempted to be interfered with [by threats, intimidation, or coercion by a person or persons whether or not acting under color of law], may institute and prosecute in his or her own name and on his or her own behalf a civil action for damages, including, but not limited to, damages under Section 52, injunctive relief, and other appropriate equitable relief to protect the peaceable exercise or enjoyment of the right or rights secured.

Cal. Civ. Code § 52.1(b). "The essence of a Bane Act claim is that the defendant, by the specified improper means (*i.e.*, 'threats, intimidation or coercion'), tried to or did prevent

---

[6] The Ninth Circuit also held that "under California law a vehicle leafletting ban cannot be justified by an interest in protecting the private property rights of recipients of leaflets." *Klein*, 584 F.3d at 1207.

O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-3747 AHM (FMOx) | Date | June 10, 2010 |
|---|---|---|---|
| Title | STEVE KLEIN, *et al.* v. CITY OF SAN CLEMENTE | | |

the plaintiff from doing something he or she had the right to do under the law or to force the plaintiff to do something that he or she was not required to do under the law." *Austin B. v. Escondido Union School Dist.*, 149 Cal. App. 4th 860, 883 (2007).

Plaintiffs claim that the City violated the "Bane Act" by enforcing an unconstitutional ordinance. (Compl. ¶ 42.) Standing alone, mere enforcement would not be enough to constitute any such violation. But in their opposition to Defendant's summary judgment motion, Plaintiffs elaborate on their claim: "The question presented is very simple: as a matter of law, do armed police officers who order persons not to engage in lawful speech coerce such persons into changing their conduct when such persons comply with the officers' order and cease their conduct?" (Opp'n. at 3.)[7]

In any event, Plaintiffs assert that "By enforcing the City ordinance . . . including threatening plaintiffs with arrest if they refused to stop such activity, the City coerced and intimidated them into not leafleting vehicles . . . ." (*Id.* at 2.) As evidence to uphold this claim, Plaintiffs note (without refutation) that "[Plaintiff] Klein asked Deputy Koenig what the deputies would do if plaintiffs continued leafleting vehicles . . . Deputy Koenig informed plaintiffs . . . that the deputies would enforce the ordinance - and repeatedly threatened plaintiffs with arrest if they placed leaflets on unoccupied vehicles . . . These facts present a coercion scenario much like *Cole* [v. *Doe 1 thru 2 Officers of City of Emeryville Police Dept.*, 387 F. Supp. 2d 1084 (N.D. Cal. 2005)]." (*Id.* at 8.)

*Cole* is not apposite, and not just because it does not involve First Amendment concerns. *Cole* certainly did not arise out of "facts [that] present a coercion scenario" like those alleged here, contrary to plaintiffs' contention. In *Cole*, the police were actively investigating the defendant for drug dealing. They were alleged to have specifically targeted him. 387 F.Supp. 2d at 1087. He knew it, and he claimed that while driving "he made certain to follow every traffic law . . . ." *Id.* at 1088. He claimed that although he stopped at a certain stop sign, he was pulled over for failing to do so completely. One thing led to another (including his being arrested on the mistaken basis

---

[7] Not entirely consistent with this statement of the supposed issue, however, is how Plaintiffs captioned Section A of their opposition: "The Bane Act's coercion requirement is satisfied by the City's ordinance."

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-3747 AHM (FMOx) | | Date | June 10, 2010 |
|---|---|---|---|---|
| Title | STEVE KLEIN, *et al.* v. CITY OF SAN CLEMENTE | | | |

that his license was suspended) and he was handcuffed. The core facts supporting his claim of coercion within the scope of the Bane Act were that "an officer suggested that he would take the handcuffs off and release Mr. Cole if and when Mr. Cole consented to the search of the trunk." *Id.* at 1089.

It is indisputable how factually different *Cole* is from this case. Moreover, in *Cole* the Bane Act claim was brought against only the individual police officers. Here, in contrast, plaintiffs sued no individual deputy sheriff for anything. Indeed, plaintiffs admitted that the Sheriffs' deputies acted without malice and with the good faith and reasonable belief that San Clemente's ordinance was valid and constitutional. (*See* SUF ¶¶ 65-70 and corresponding entries in SGI.)[8]

In its opinion, the Ninth Circuit did not rule that the Ordinance at issue here was facially unconstitutional. Given that fact, this Court cannot responsibly permit San Clemente to be held liable under the Bane Act merely because it authorized Sheriffs' deputies who were acting in good faith and with restraint to acknowledge—upon plaintiffs' inquiry—that further leafleting could require them to place plaintiffs under arrest. To do so would constitute an entirely misplaced extension of both the language and the purpose of the Bane Act, because such conduct does not sink to the level of a threat of violence or coercion.

To the extent that Plaintiffs seek to hold the city liable for its *enactment*[9] of the Ordinance, this Bane Act claim also fails. Plaintiffs have not cited any authority for the proposition that a City's mere enactment of an ordinance can constitute "threats, intimidation, or coercion." Moreover, Plaintiffs have not provided real, much less conclusive, evidence that they felt coerced or intimidated by the City's enactment of the

---

[8] At page 10 of their opposition memorandum, plaintiffs even indicated that as a result of the officers' good faith, the City could not be held liable derivatively, citing Cal. Gov't Code § 815.2(b).

[9] *See* Opp'n at 11: 3-4 ("But vicarious liability is not the type of liability at issue here. Plaintiffs allege direct liability against the City for enacting an unconstitutional law that violated their civil rights.")

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-3747 AHM (FMOx) | Date | June 10, 2010 |
|---|---|---|---|
| Title | STEVE KLEIN, *et al.* v. CITY OF SAN CLEMENTE | | |

statute.[10]

Accordingly, the Court GRANTS summary judgment in the City's favor on Plaintiffs' fourth claim under the Bane Act.

## IV.  CONCLUSION

For the foregoing reasons, the Court GRANTS Plaintiffs' motion for summary judgment on all claims, with the exception of their claim under the Bane Act. The Court GRANTS summary judgment in the City's favor on the Bane Act claim.

No hearing is necessary. Fed. R. Civ. P. 78; L. R. 7-15. Within five days of the date of this Order, Plaintiff is directed to lodge a proposed judgment consistent with this ruling. The Pre-Trial Conference and trial dates are vacated and there is no further need to comply with Local Rule 16-15.

                                                                              :
                                              Initials of  Preparer          SMO

---

[10] Indeed, the undisputed evidence shows that Plaintiffs were *not* coerced by the enactment of the statute. Prior to the June 2, 2007 incident, they knew that the Ordinance had been enacted. (City's SUF ¶¶ 5-6.) Plaintiff Klein called the Transportation Corridor Agency in San Clemente and informed the Agency of their intent to leaflet the area, and requested that the Agency call the police. (*Id*. ¶ 9.) Klein does not dispute that it was his intention to cause a confrontation with the police in San Clemente on June 2, 2007, and to cause the police to tell Plaintiffs to stop leafleting unoccupied vehicles in San Clemente. (*Id*. ¶¶ 12-13.). Plaintiffs then proceeded to distribute leaflets on cars.